Merrimack,
No. 4429.

ALLSTATE INSURANCE COMPANY *v*. ALVIN A. CULVER & a.

Argued October 4, 1955.

Decided October 24, 1955.

*Devine & Millimet* (*Mr. Shane Devine* orally), for the plaintiff.

*Perkins & Dowst* for the defendant Culver, furnished no brief.

*Stanley & Stanley* (*Mr. John W. Stanley, Jr.* orally), for the defendant Larochelle.

DUNCAN, J. The defendant's general exception to the findings and rulings of the Trial Court presents no question of the sufficiency of the evidence to sustain them (*Sandown* v. *Kelley*, 97 N. H. 418; *McPhee* v. *Colburn*, 98 N. H. 406) and entitles him only to review of questions of law apparent upon the face of the findings and rulings filed. *Eastman* v. *Waisman*, 94 N. H. 253, 254. However, we proceed to consideration of the arguments advanced by the defendant before us, as permitted by our discretionary practice in non-jury cases such as this. *Eastman* v. *Waisman, supra*; *Wilson* v. *Goodnow*, 98 N. H. 110.

No issue is presented concerning the validity of the plaintiff's action in cancelling the insurance as of August 17, 1953, in accordance with the terms of the contract, even though the written notice of cancellation was not received by the defendant. See *Gendron* v. *Insurance Company*, 47 N. M. 348; Appleman, Insurance Law and Practice, s. 5015; anno. 149 A. L. R. 1316.

It is urged however that "no evidence of intent not to reinstate the old contract was considered or offered" and that any reinstatement of the policy must be regarded as revival or restoration of the original policy, rather than the creation of a new contract for a different term. See 29 Am. Jur. 252, s. 267. The argument disregards the fact that the policy imposed no obligation to reinstate the insurance upon any terms; and that the plaintiff's consent as communicated to the insured was only to reinstatement effective on September 2, which was after the accident. The notice of reinstatement was evidence from which the Court could find that full restoration of the original policy was not intended. The findings were further supported by evidence that the plaintiff's standard procedure in reinstating a policy cancelled for nonpayment of premium was to do so as of the day following the date postmarked on the envelope containing payment.

The defendant argues that the Court erred in finding that the reinstatement as of August 18 "was made without knowledge of the accident" because the plaintiff's local agent had notice of the accident before the insured mailed the premium to the Newark office, and that notice to this agent was notice to the plaintiff. *Ostroff* v. *Hustis*, 80 N. H. 141, 143. The evidence however did not require application of this general principle. The agent who

received the notice of the accident was aware that the policy had been previously cancelled, and refused to accept the premium. There was no evidence concerning his authority or his duty in these circumstances. See 2 Pomeroy, Equity Jurisprudence (5th *ed.*), *s.* 668. He did not undertake to act for the plaintiff. Notice of an accident which had occurred after termination of the policy was not so material to the subject matter of the agency as shown by the evidence, as to require as a matter of law that the agent communicate it to the plaintiff. No reason for the agent to anticipate that the premium would be tendered to some other representative of the insurer was shown. Under the circumstances, the plaintiff could be affected by the agent's knowledge only if a duty to communicate it were established. Restatement, Agency, *ss.* 275, 278, *comment* a. 2 Pomeroy, *supra, s.* 673. The evidence failed to establish such a duty, and the plaintiff was not chargeable with the agent's knowledge. *Clark* v. *Marshall,* 62 N. H. 498, 500; *Dearborn* v. *Fuller,* 79 N. H. 217; *Great American Ind. Co.* v. *Richard,* 90 N. H. 148, 151.

The notice of reinstatement first mailed from the Newark office on September 22 bore the date of September 21. There was no proof that the notice of the accident sent to the home office of the plaintiff by the Motor Vehicle Department was received before either date. Waiver of forfeiture of the policy for nonpayment of the premium required knowledge which was actual rather than constructive. *Therrien* v. *Maryland Cas. Co.,* 97 N. H. 180, 182. See *Commercial Casualty Co.* v. *Mansfield,* 98 N. H. 120, 128. The Court found that information concerning the accident was "purposely withheld" by the insured, and the finding that the first reinstatement was made without knowledge of the accident was warranted. Indeed had the first notice remained unaltered, the plaintiff might well have shown a case for avoidance of the reinstatement. *Continental Casualty Co.* v. *Lanzisero,* 119 N. J. E. 166. See *Leclerc* v. *Insurance Co.,* 93 N. H. 234, 237.

The defendant has presented no other substantial issue by brief or argument, and neither party has briefed or argued any exceptions to evidentiary rulings. It follows that the order is

*Judgment for the plaintiff.*

All concurred.